NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0349n.06

No. 07-2516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 08, 2010**
LEONARD GREEN, Clerk

JAMES LAMONT MILLER
(a/k/a Money Mont),

      Petitioner–Appellant,

v.

WILLIE O. SMITH,

      Respondent–Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

OPINION

———————————————————

Before:  CLAY and GILMAN, Circuit Judges; and ZATKOFF, District Judge.[*]

**LAWRENCE P. ZATKOFF, District Judge.**  In June 2007, Appellant James Lamont Miller (a/k/a Money Mont) filed a habeas petition.  On August 14, 2007, the district court summarily dismissed Appellant's petition because it challenged his conditions of confinement.  On August 28, 2007, the district court denied Appellant's timely filed motion for rehearing or reconsideration, which the district court treated as a Fed.R.Civ.P. 59(e) motion to amend judgment.  Appellant then filed a motion to amend judgment on September 19, 2007, wherein he relied on Rule 59(e).  On November 15, 2007, the district court denied the motion to amend judgment, and Appellant filed the instant appeal.  As previously determined by this Court, only the November 15, 2007 ruling was

———————————————————

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

appealed timely and, therefore, is the only ruling to be considered by this Court. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Appellant has been serving a life-imprisonment term in Michigan Department of Corrections ("MDOC") facilities since 1983. As the result of his conviction for murdering a corrections officer while incarcerated, among other custodial offenses, Appellant has been placed in administrative segregation since 1986 because he is a "[s]erious threat to physical safety of others." According to MDOC Policy Directive 04.05.120, Appellant's placement in administrative segregation is reviewed on a monthly basis. As recently as May 2007 (the record does not contain subsequent documentation), the MDOC continued to justify its decision to house Appellant in administrative segregation on the staff homicide.

In his habeas petition, Appellant sets forth, at length, many restrictions to which he is subject as a result of his confinement in administrative segregation. Appellant then requested, in part, that the district court grant the following relief:

\* \* \* \* \*

4) Order [Appellee] to give [Appellant] meaningful periodic reviews and standards or expectations to be released back to the general population; and

5) Order [Appellee] to release [Appellant] from unlawful confinement in long-term segregation or in indefinite administrative segregation or in prolonged confinement in administrative segregation and back to general population immediately.

A magistrate judge reviewed the habeas petition and recommended that Appellant's petition be summarily dismissed because it challenged the conditions of confinement, a challenge which must

be brought pursuant to 42 U.S.C. § 1983. Appellant filed objections to the report and recommendation, but on August 14, 2007, the district court adopted the magistrate judge's report and recommendation in a memorandum opinion and entered judgment dismissing Appellant's petition. On August 19, 2007, Appellant filed a motion for rehearing or reconsideration of the district court's memorandum opinion, relying on Rule 60(b). The district court denied the motion for rehearing or reconsideration, as well as Appellant's request to amend his petition, on August 28, 2007. In its August 28, 2007 order, the district court treated Appellant's filing as a Rule 59(e) motion to amend judgment and stated that "the court has always understood the gravamen of petitioner's claim to be a challenge to his confinement in long-term segregation."

On September 19, 2007, relying on Rule 59(e), Appellant filed a motion to amend judgment. On November 15, 2007, the district court denied Appellant's September 19, 2007 motion to amend judgment. On November 30, 2007, Appellant's notice of appeal was filed in this Court. On February 13, 2008, a panel of this Court (the "Initial Panel") determined that the appeal was timely only with respect to the district court's November 15, 2007 order. On May 23, 2008, a second panel of this Court (the "Second Panel") granted a certificate of appealability and ordered the appointment of counsel.[1]

---

[1] On May 23, 2008, the Second Panel issued an Order that stated, in its entirety:

Before: BOYCE F. MARTIN, JR. Circuit Judges. [sic]

James L. Miller, a Michigan state prisoner, appeals pro se a district court order denying his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) in an action purportedly filed under 28 U.S.C. § 2254. This matter is before the court upon an application for a certificate of appealability. Fed. R. App. P. 22(b).

On November 9, 2009, Appellee filed a motion to dismiss the appeal based on *res judicata* or, alternatively, the law of the case. Appellant filed a response. On December 17, 2009, Appellee's motion was denied by a third panel of this Court (the "Third Panel"), without prejudice to consideration of those issues by us, because rather than challenge subject matter jurisdiction, Appellee's motion merely set forth affirmative defenses. On February 25, 2010, Appellee filed a motion to remand this case for the limited purpose of developing the record with respect to Appellant's claim that he is not receiving meaningful periodic review of his placement in administrative segregation. Appellant filed a response. On March 12, 2010, we agreed to defer consideration of Appellee's motion to remand until oral argument.

## II. ANALYSIS

It is undisputed that the only district court order to be reviewed by this Court is the order entered on November 15, 2007.[2] The November 15, 2007 order provides, in its entirety:

> This was a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. By memorandum opinion and judgment entered August 14, 2007, this court denied the petition, finding that petitioner's challenge to the conditions of his confinement was properly brought as a civil rights action under 42 U.S.C. § 1983 and was inappropriately framed in a habeas corpus petition. By order entered August 28, 2007, this court denied petitioner's motion for reconsideration, construed as a timely motion to amend judgment under Rule 59(e). **On September 19, 2007, petitioner filed a duplicative motion to amend judgment, again purportedly under Rule 59(e). This court has no authority to consider a motion to amend judgment under Rule 59(e) filed more than 10 days after the entry of judgment. Petitioner's successive motion to amend judgment is therefore not properly**

---

> The certificate of appealability is granted. Counsel shall be appointed and a briefing schedule established.

[2] The Initial Panel held that Appellant's "appeal is limited to review of the November 15, 2007 order denying the motion to amend." *See* Feb. 13, 2008 Order.

**before the court.  Although the court retains authority to consider a motion for relief from judgment under Rule 60(b), petitioner has not alleged grounds for relief under that rule.**  Rather, petitioner attempts to raise, yet again, the same arguments reviewed and rejected once by the magistrate judge and now twice by this court.  Accordingly:

> IT IS ORDERED that petitioner's motion to amend judgment . . . be and hereby is DENIED.

(emphasis added).  At oral argument, both parties indicated that the district court: (a) considered the September 19, 2007 motion as a timely filed Rule 60(b) motion, and (b) denied the motion on the merits.  The Second Panel apparently also held that belief. *See* note 1, *supra*.  We disagree.

Like the Initial Panel, we conclude that Appellant's September 19, 2007 motion was a "Fed. R. Civ. P. 59(e) motion to amend the judgment[.]" *See* February 13, 2008 Order. As the above-highlighted portion of the November 15, 2007 district court order states: "[Appellant] filed a duplicative motion to amend judgment, again purportedly under Rule 59(e). This court has no authority to consider a motion to amend judgment under Rule 59(e) filed more than 10 days after the entry of judgment.  [Appellant]'s successive motion to amend is therefore not properly before the court."  In other words, the district court concluded that it lacked authority to consider Appellant's untimely September 19, 2007 motion.  Contrary to the interpretation of the November 15, 2007 order by the parties, we find that the district court did not treat Appellant's September 19, 2007 motion as a Rule 60(b) motion for relief from judgment, nor did the district court deny the September 19, 2007 motion on the merits.  Rather, the district court specifically stated that "[Appellant] has not alleged grounds for relief under that rule [Rule 60(b)]."

Thus, the only issue before this Court is whether the district court properly denied as untimely Appellant's September 19, 2007 motion.  This Court reviews a denial of a motion to amend

judgment under Rule 59(e) for abuse of discretion. *Montgomery*, 581 F.3d 440, 452 (6th Cir. 2009).

Based on the 10-day requirement under Rule 59(e) in effect at the time of the district court's August

14, 2007 ruling,[3] Appellant's motion to amend judgment filed on September 19, 2007 was not timely

filed. We therefore conclude that the district court did not abuse its discretion in holding that the

September 19, 2007 motion was not properly before it.

### III. CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.

---

[3] In 2009, Rule 59(e) was amended to afford parties up to 28 days after the entry of judgment to file a motion to alter or amend a judgment. In 2007, however, parties had only 10 days after the entry of judgment to file such a motion.